IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

MATTHEW EARL JASON PEOPLES,    )
                                )
         Petitioner,            )
                                )
v.                              )
                                )   CIV-10-373-HE
                                )
JIM BAUMAN, Sheriff,            )
                                )
         Respondent.            )

REPORT AND RECOMMENDATION

The Petitioner in this 28 U.S.C. § 2254 action is a prisoner currently in the custody of the Logan County Jail in Guthrie, Oklahoma. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B). Petitioner seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his Petition, Petitioner asserts that he was convicted in the District Court of Logan County of the offense of Murder in the Second Degree pursuant to a plea of guilty entered February 12, 2010, in Case No. CF-2009-24. Petitioner asserts that he was sentenced on February 12, 2010, for this conviction to serve a 40-year term of imprisonment with the last twenty years suspended. Public records of the District Court of Logan County reflect that Petitioner has not moved to withdraw his plea in this criminal proceeding or otherwise sought to appeal his

conviction. www.oscn.net (docket sheet in Oklahoma v. Peoples, Case No. CF-2009-24, accessed May 27, 2010). Petitioner concedes in his Petition that he has not filed an appeal or sought review of this conviction and sentence in the state courts. He asserts claims of ineffective assistance of defense counsel and an involuntary and unintelligent plea.

Petitioner submitted a Motion for Leave to Proceed *In Forma Pauperis* with his Petition. Petitioner was advised in an Order entered April 15, 2010, that his *in forma pauperis* application was deficient in that it failed to contain the requisite information concerning his institutional account and failed to include a certificate of the authorized officer of the institution. Petitioner was also advised that his Petition did not include sufficient information concerning his exhaustion of available state court remedies. Petitioner was given until May 5, 2010, to correct these deficiencies, and he was advised that if he failed to cure the deficiencies the undersigned would recommend the dismissal of the action without prejudice and without further notice. Petitioner tendered two letters to the Court, but he did not provide the requisite information or correct his pleading deficiencies. In a second order entered May 6, 2010, Petitioner was given until May 26, 2010, to correct the deficiencies in his Petition and in his Motion for Leave to Proceed *In Forma Pauperis.* Petitioner was again advised that if he failed to comply with the Court's Order the undersigned would recommend dismissal of the action without prejudice and without further notice.

To this date, Petitioner has failed to cure the deficiencies in his pleadings or sought a further extension of time to do so. Petitioner's lack of interest in complying with the

Court's Orders combined with the Court's continuing effort to manage and control its caseload warrant a dismissal of the action without prejudice. See <u>Gripe v. City of Enid, Okla.</u>, 312 F.3d 1184, 1188 (10th Cir. 2002)(Federal Rules of Civil Procedure authorize sanctions, including dismissal, for failure to comply with court's orders). See also <u>Nasious v. Two Unknown B.I.C.E. Agents at Arapahoe County Justice Center</u>, 492 F.3d 1158, 1161 n. 2, 1162 (10th Cir. 2007)(*sua sponte* dismissal for failure to comply with court's orders permitted under federal rules, and court need not follow any particular procedures in dismissing action without prejudice for failure to comply).

## RECOMMENDATION

Based on the foregoing findings, it is recommended that the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 be DISMISSED without prejudice and the Motion for Leave to Proceed *In Forma Pauperis* be DENIED as moot. Petitioner is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by   June 21st   , 2010, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The failure to timely object to this Report and Recommendation would waive appellate review of the recommended ruling. <u>Moore v. United States of America</u>, 950 F.2d 656 (10th Cir. 1991); cf. <u>Marshall v. Chater</u>, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendations are deemed waived.").

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed

3

herein is denied.

ENTERED this   1st   day of   June  , 2010.

/s/ Gary M. Purcell
GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE